107 F.3d 879
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Glenn L. WILLIAMS, Plaintiff-Appellant,
v.
Peter ELIADES; Olympic Garden, Inc., a Nevada corporation,
dba Olympic Garden, Defendants-Appellees.
 No. 95-17022.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1997.*
Decided Feb. 24, 1997.
 
 Before: SCHROEDER, ALARCON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Glenn Williams appeals from a judgment entered in favor of appellee Peter Eliades after a bench trial in Williams' action for declaratory judgment. Williams sought a declaration that he had timely exercised his option rights under his agreement with Eliades and that he was entitled to 70 per cent of the stock of Olympic Garden, Inc., subject to approval of his application for a liquor license by the Las Vegas authorities.
 
 
 3
 The district court held that although Williams had notified Eliades that he was exercising his option within the time period provided in the agreement, Williams nevertheless failed to obtain licensing approval in a timely manner. The period for exercise of the option expired September 15, 1992 and was not extended. Williams first filed for the application in January 1993, and that application was denied on July 7, 1993.
 
 
 4
 Williams contends he is nevertheless entitled to receive the stock as contemplated in the agreement if his second, currently pending, application for a liquor license is granted. He argues that under the contract he was entitled to make application for the liquor license within a reasonable time after notifying Eliades that he was exercising the option, and he further contends that a "reasonable time" extends at least through the time that the parties contemplated the option period could have been extended.
 
 
 5
 There is nothing in the language of the contract to support Williams' position. Indeed the district court gave Williams the benefit of the doubt and looked beyond the terms of the contract to the intent of the parties and the evidence received during trial. It found that the evidence did not support Williams' position that a reasonable time to obtain licensing approval extended to September 1994. Instead, the district court found that a reasonable time did not extend past July 7, 1993, when Williams' first application was denied. The district court's ruling is a finding of fact, and Williams points to nothing in the record to demonstrate that it was clearly erroneous. Williams' own conduct reflects that he began the application process soon after notifying Eliades of his intent to exercise the option. The district court's finding that any rights that Williams had under the contract expired, at the latest, when his original application was denied, is not clearly erroneous.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3