107 F.3d 879
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald Jay Rendon YU, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70860.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 13, 1997.*
Decided Feb. 28, 1997.
 
 Before: BRUNETTI, FERNANDEZ and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Jay Rendon Yu, a Philippines citizen, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), which affirmed the Immigration Judge's denial of his asylum application.
 
 
 3
 Yu's parents owned a trucking business in the Philippines and were relatively wealthy. His parents received demands from the New People's Army (the "NPA"), a communist guerilla organization, for a "revolutionary tax" to support its activities. His parents paid the tax out of fear, and ultimately moved closer to Yu to avoid the NPA. In 1991, Yu began receiving demands from the NPA, which he initially ignored. In April 1991, Yu's house was fired upon; two days later he received another demand letter from the NPA. Yu began paying the "tax," moved his family to another area and began planning to come to the United States for refuge. Yu came to the United States with his wife in 1991 on a nonimmigrant visitor's visa. He overstayed his visa and now, after the INS has commenced deportation proceedings, seeks asylum. His daughter remains in the Philippines with Yu's parents.
 
 
 4
 To be entitled to asylum, Yu must establish that he experienced past persecution or that he has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group or political opinion. 8 U.S.C. § 1101(a)(42). The BIA's determination will be reversed only if the evidence was such that a reasonable factfinder would have to conclude otherwise. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We agree with the BIA that Yu has failed to establish the requisite nexus between the NPA's extortion and accompanying threats and one of the five protected grounds.
 
 
 5
 The political opinion of the victim, not the persecutor, is of consequence in determining asylum eligibility. Id. at 482. In this case, there is no evidence that the NPA had any knowledge of Yu's political opinion. Yu was not politically active; he says he voted for the Laban Party in the last election, but did not suggest that the NPA could possibly have known how he voted. On the contrary, the NPA could easily have discovered that Yu was a wealthy business owner. Documentary evidence in the administrative record indicates that the NPA's primary objective is to take advantage of the victim's wealth; the NPA is typically not concerned with the political opinion of its intended victim, unless the person was previously active with a civilian militia unit. U.S. Dep't of State, The Philippines: Profile of Asylum Claims and Country Conditions (1994).
 
 
 6
 Yu argues that the NPA did or will impute a political opinion to him based on his failure to meet its demands. An imputed political opinion may be found where the petitioner may not have overtly given any expression to his opinions, but because of particular acts, certain opinions are attributed to him. Estrada-Posadas v. INS, 924 F.2d 916, 919 (9th Cir.1991). Merely refusing to participate in an organization or fund them financially is ambiguous, however, and does not establish that the NPA believed Yu's refusal was politically motivated. See Elias-Zacharias, 502 U.S. at 482. Even if it did, Yu would still need to show that the NPA intended to persecute him on account of that imputed political opinion, rather than on account of his refusal to support the group financially. See id. at 483. The evidence does not compel this conclusion. Moreover, after the incident with the gunfire, Yu did pay the tax to the NPA. By Yu's reasoning, this action could have suggested to the NPA that Yu had been persuaded to support the organization's ideas. Substantial evidence supports the BIA's determination that Yu failed to establish past persecution or a well-founded fear of future persecution on account of any real or imputed political opinion.
 
 
 7
 Because Yu failed to establish his eligibility for asylum, withholding of deportation and involuntary departure were also not appropriate.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3